OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff for an order for summary judgment for the relief prayed for in the complaint, upon the ground that there are no triable issues of fact and no defenses to the cause of action asserted in the complaint.
Defendant Ambassador Insurance Company (Ambassador) opposes the motion and cross-moves for an order directing summary judgment in favor of it, dismissing the complaint of the plaintiff upon the ground that the causes of action contained in the complaint are without merit.
The defendant David J. Merrills (Merrills) also moves *970 for an order directing summary judgment in his favor and against both the plaintiff and defendant Ambassador upon the grounds that there are no triable issues of fact and no defenses to his counterclaim.
This is an action brought by plaintiff Lumbermens Mutual Casualty Company (Lumbermens) for a declaratory judgment seeking a declaration of whether Lumbermens or Ambassador is liable for payment of the first-party benefits pursuant to article 18 of the Insurance Law to defendant Merrills, and by way of a counterclaim by defendant Merrills to determine whether Darren E. Weeks was a covered person within the definition of subdivision 10 of section 671 of the Insurance Law.
On November 29, 1978, Merrills was a passenger in a 1968 Chevrolet van owned by one Darren W. Weeks, registered in the State of Vermont, and insured by Ambassador, a Vermont corporation. The Weeks automobile was involved in an accident as a result of which Merrills sustained injuries requiring care and treatment and imposing a disability which resulted in loss of time from employment and lost wages. Ambassador refused to provide first-party benefits to defendant Merrills, and plaintiff Lumbermens, an insurer of Merrills 1974 AMC automobile which was not involved in the accident, made the payments on the Merrills first-party claim.
Defendant Ambassador contends that even though not required to by statute, it filed with the New York State Insurance Department on November 30, 1973 a certification whereby it agreed that the terms of its policies would provide for the payment of first-party benefits required by article 18 of the Insurance Law. It also filed with the Commissioner of Motor Vehicles on April 2,1975 a consent that Ambassador’s policies would be varied to comply with the requirements of the Motor Vehicle Security Act. Further, Ambassador contends that on September 13, 1978, prior to the accident herein, it notified the Insurance Department of its intention to rescind the certification it had previously filed with the department on November 30, 1973, and that although it had originally elected for its policies to provide for first-party benefits, it subsequently elected to voluntarily *971 withdraw the certification, and that it had every right to take these steps since it was under no statutory requirement to provide for the payment of first-party benefits in the first place. Further it contends that its failure to withdraw its certification filed with the Commissioner of Motor Vehicles is of no moment in this action since that statement makes no reference to the payment of first-party benefits which is exclusively the province of article 18 of the Insurance Law.
This court cannot agree with the contentions of defendant Ambassador. Ambassador’s certification filed with the Commissioner of Motor Vehicles on April 2, 1975, which admittedly has never been withdrawn or rescinded, has the effect of consenting that Ambassador’s policies will comply with all the requirements of the Motor Vehicle Financial Security Act as contained in article 6 cf the Vehicle and Traffic Law. The Legislature evinced the intent to guarantee as much as possible to nonresident motorists the protection of our no-fault coverage, including the first-party benefits at issue herein. In Montgomery v Daniels (38 NY2d 41, 63, n 17), the court stated: “17. To the extent of its power, the Legislature acted to guarantee that nonresident motorists do not fall within the noncovered class. Articles 6 and 8 of the Vehicle and Traffic Law require that nonresident motorists carry no-fault coverage for their excursions into New York. Furthermore section 676 of the Insurance Law requires all insurers (i) licensed in New York, (ii) controlled by an insurer licensed in New York, or (iii) controlled by a holding company affiliated with a New York licensed insurer, to provide New York no-fault coverage when a vehicle they cover happens to be driven in New York. In addition, the Insurance Department requested insurers not licensed in New York voluntarily to provide New York no-fault coverage to their policy holders. Of the 524 such insurers contacted over 85% had agreed to do so as of May, 1974. (New York Insurance Department, 115 Annual Report of the Superintendent of Insurance to the New York State Legislature for 1973, at p 19.)”
As Ambassador consented that its policies covering vehicles operated in New York State would be in compliance with article 6 of the Vehicle and Traffic Law, the with *972 drawal of the consent filed with the Insurance Department does not aid it to escape liability for the first-party benefits at issue.
Ambassador is liable for the first-party benefits to Merrills and Ambassador’s insured, Darren W. Weeks, is a covered person within the meaning of subdivision 10 of section 671 of the Insurance Law. Lumbermens has recourse for recovery from Ambassador for the first-party benefits it has previously paid to Merrills pursuant to section 674 of the Insurance Law which provides, insofar as pertinent, as follows : “1. Any insurer liable for the payment of first party benefits to or on behalf of a covered person shall have the right to recover the amount of such benefits so paid from the insurer of any other covered person if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law.”
In view of the foregoing, the motion of plaintiff Lumbermens for summary judgment is granted. The cross motion of Ambassador is denied and the further cross motion of defendant Merrills is denied insofar as the same asks for an order providing first-party benefits by Lumbermens without the right to a lien against the proceeds of any settlement or verdict achieved by defendant Merrills against Darren W. • Weeks.